IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM BLAIR & COMPANY, LLC,    )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No.  10 C 1280
                                 )
HOCK FOODS, INC., etc.,          )
                                 )
            Defendant.           )

MEMORANDUM OPINION AND ORDER

Hock Foods, Inc. ("Hock Foods") has filed a Notice of
Removal ("Notice") by which it seeks to remove to this federal
district court an action brought against it by William Blair &
Company, LLC ("Blair") in the Circuit Court of Cook County.  Hock
Foods' counsel waited until the last possible day to seek such
removal--Notice ¶1 recites that Hock Foods received service of
Blair's Complaint on January 26, 2010, and the Notice was filed
30 days later on February 25 (see 28 U.S.C. §1446(b)[1]).  And
because Hock Foods has failed to carry its burden of establishing
the existence of federal subject matter jurisdiction, this Court
remands the action to its place of origin.

In that respect, jurisdiction is a threshold inquiry (Wis.
Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th
Cir. 1986)):

The first thing a federal judge should do when a
complaint is filed is check to see that federal

_____

[1] All further references to Title 28's provisions will
simply take the form "Section--."

jurisdiction is properly alleged.

As our Court of Appeals has reconfirmed in such cases as <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998)(citation omitted):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"

And <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005) has made clear that those principles call for sua sponte action by the court:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

In this instance Hock Foods seeks to invoke the diversity of citizenship branch of federal jurisdiction. To that end Notice ¶4 identifies Hock Foods' own dual citizenship under Section 1332(c)(1) in the states of Missouri and North Carolina. But all that Notice ¶4 (citing Complaint ¶5) identifies as to Blair are the jurisdictionally irrelevant factors of its state of formation and the location of its principal place of business:

> Plaintiff Blair is, and at all times relevant to this action has been, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.

That last set of allegations ignores more than 10 years of

repeated teaching from our Court of Appeals (see, e.g., <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

Until sometime last year this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing</u>, 423 F.3d at 743). But there is really no excuse for counsel's lack of knowledge of such a firmly established principle after more than a full decade's repetition by our Court of Appeals and others. Hence the principles announced at the outset of this opinion call for remand to the state court for lack of subject matter jurisdiction (see the second sentence of Section 1447(c)).

If Hock Foods counsel were unaware of the jurisdictionally relevant facts as to Blair, they had four weeks to make the necessary inquiries in that respect--but instead they waited out the full time and then submitted an improper filing. This Court orders that the certified copy of the remand order be mailed forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 26, 2010

3